**THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF MICHIGAN**

VIRGIL JOHNSON,

Case No.

    Plaintiff,

Hon.

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

SHAWN McKAY (P77856)
CHRIS MENE (P86354)
KAJY LAW FIRM, PLLC
Attorney for Plaintiff
18000 W. Nine Mile Road, Suite 1400
Southfield, MI 48075
(248) 702-6641 / fax: (248) 702-6639
Chris@kajylaw.com

_____

**<u>PLAINTIFF'S COMPLAINT</u>**

NOW COMES the Plaintiff, Virgil Johnson, by and through counsel, Kajy Law Firm, PLLC, and, for his Complaint against Defendant, the United States Of America, hereby submits the following:

**<u>INTRODUCTION</u>**

1. This action is brought under the Federal Tort Claims Act, 28 USC §§ 1346(b) and 2671-2680.

2. This claim arises out of a motor vehicle accident occurring on March 28, 2025 between the parties.

1

3.     Plaintiff at all times material hereto, was a resident of Pontiac, in the County of Oakland, in the state of Michigan, located in the United States of America.

4.     Defendant is liable for the negligent acts and omissions of its employee under circumstances where a private person would be liable under Michigan law.

5.     Defendant – through the National Tort Center, acknowledged receipt of administrative form FTCA Form SF95 on October 28, 2025, as required by 28 USC §2675(a), citing an adjudication period of six (6) months.

6.     Defendant – through the National Tort Center, sent a follow up correspondence on December 17, 2025 regarding an amendment that was made to Plaintiff's claim, extending the adjudication period until June 11, 2026.

7.     Both correspondences were sent by one Ms. Corine M. Wilkinson, with a Ms. Brenda Cowles carbon copied on the same.

8.     Plaintiff never received a decision of this claim.

## PARTIES

9.     Plaintiff is an individual residing in the State of Michigan who was injured in the aforementioned occurrence involving the parties herein.

10.    Defendant, United States of America, is the proper party defendant for tort claims arising from the negligent acts or omissions of federal employees acting within the course and scope of their employment. At all relevant times, the United States Postal Service was an agency and/or instrumentality of the United States of

2

America, who employed Mr. Kevin James Smith as an employee, agent, servant, and/or representative of the United States Postal Service. Mr. Kevin James Smith was acting within the course and scope of his employment with the United States Postal Service when the aforementioned incident occurred.

## JURISDICTION AND VENUE

11.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1346(b)(1), because this is a civil action against the United States for money damages arising from personal injuries caused by the negligent or wrongful acts or omissions of an employee of the federal government acting within the scope of his employment, giving rise to this claim pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680.

12.     Plaintiff timely presented an administrative tort claim to the appropriate federal agency as required by 28 U.S.C. § 2675(a).

13.     More than six months have elapsed since Plaintiff presented his administrative claim, and Defendant has failed to make a final disposition thereof. Accordingly, Plaintiff has exhausted his administrative remedies pursuant to 28 U.S.C. § 2675(a).

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1402(b), because the acts and omissions giving rise to this claim occurred in this jurisdiction, that being the Eastern District of Michigan.

3

## GENERAL ALLEGATIONS

15.     On or about March 28, 2025, at approximately 11:37 p.m., Plaintiff was operating a 2010 Jeep Liberty in Berkley, Oakland County, Michigan.

16.     Plaintiff was traveling on or near Woodward Avenue at or near Oxford Road.

17.     At that same time and place, Mr. Kevin James Smith was operating a United States Postal Service vehicle, specifically a 2000 International truck/bus.

18.     Upon information and belief, the USPS vehicle was traveling southbound and was in transit.

19.     Upon information and belief, the USPS driver activated his right turn signal and attempted to merge out of the turn lane into another lane of travel.

20.     Upon information and belief, the USPS driver failed to ensure that the lane was clear before merging.

21.     As a result, the USPS vehicle collided with the front-left portion of Plaintiff's vehicle.

22.     Plaintiff sustained very serious injuries in the collision which have necessitated surgical intervention.

23.     Plaintiff's injuries and damages were directly and proximately caused by the negligent acts and omissions of the USPS driver.

24. Plaintiff submitted an administrative claim stating a sum certain as required by the FTCA.

## COUNT I – PLAINTIFF'S CLAIM FOR NEGLIGENCE AGAINST DEFENDANT THE UNITED STATES OF AMERICA

25. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

26. At all relevant times, Defendant, through its employee, owed Plaintiff a duty to operate the USPS vehicle with ordinary care and in a reasonably safe manner.

27. Defendant, through its employee, owed Plaintiff a duty to maintain a proper lookout.

28. Defendant, through its employee, owed Plaintiff a duty to maintain reasonable control of the USPS vehicle.

29. Defendant, through its employee, owed Plaintiff a duty to ensure that it was safe before changing lanes, merging, or otherwise moving from one lane of travel into another.

30. Defendant, through its employee, owed Plaintiff a duty to obey all applicable traffic laws, statutes, ordinances, and rules of the road.

31. Defendant, through its employee, breached these duties by negligently operating the USPS vehicle.

32.     Defendant's negligence includes, but is not limited to, the following acts and omissions:

a.  Failing to maintain a proper lookout;

b.  Failing to observe Plaintiff's vehicle;

c.  Failing to maintain proper control of the USPS vehicle;

d.  Failing to determine that the lane was clear before merging;

e.  Failing to determine that the lane was clear before changing lanes;

f.  Improperly passing Plaintiff's vehicle;

g.  Improperly merging into Plaintiff's lane of travel;

h.  Striking Plaintiff's vehicle;

i.  Failing to timely brake, stop, slow, steer, or otherwise avoid the collision;

j.  Operating the USPS vehicle in a careless and negligent manner;

k.  Violating applicable provisions of the Michigan Vehicle Code; and

l.  Otherwise failing to act as a reasonably careful driver would have acted under the same or similar circumstances.

33.     The negligent acts and omissions of Defendant's employee were a direct and proximate cause of the collision.

34.     The negligent acts and omissions of Defendant's employee were a direct and proximate cause of Plaintiff's injuries and damages.

35.     As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious injuries, including physical injury, pain, suffering, disability, impairment, and other damages.

36.     As a direct and proximate result of Defendant's negligence, Plaintiff has incurred and may continue to incur medical expenses, rehabilitation expenses, wage loss, loss of earning capacity, and other economic losses.

37.     As a direct and proximate result of Defendant's negligence, Plaintiff has suffered and may continue to suffer non-economic damages, including pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, disability, impairment, and inconvenience.

38.     Plaintiff's injuries constitute a serious impairment of body function and/or otherwise satisfy any applicable threshold requirements under Michigan law.

39.     Defendant United States of America is liable for the negligent acts and omissions of its employee under the Federal Tort Claims Act.

40.     Plaintiff has sustained serious and permanent injuries, has undergone medical treatment including surgical intervention, and has incurred substantial economic and non-economic damages.

WHEREFORE, Plaintiff, Virgil Johnson, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant United States of America, and award Plaintiff all damages recoverable under the Federal Tort Claims

Act and Michigan law, together with costs, interest as permitted by law, and any other relief this Court deems just and proper.

## COUNT II – PLAINTIFF'S CLAIM FOR NEGLIGENCE PER SE DUE TO STATUTORY VIOLATION AGAINST DEFENDANT THE UNITED STATES OF AMERICA

41. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

42. At all relevant times, Defendant's employee was required to comply with Michigan traffic laws and rules of the road.

43. Defendant's employee violated applicable traffic laws by improperly passing, improperly merging, changing lanes when it was unsafe to do so, and/or otherwise operating the USPS vehicle in violation of the Michigan Vehicle Code.

44. Plaintiff was within the class of persons intended to be protected by Michigan traffic laws governing safe lane changes, passing, merging, and the operation of motor vehicles.

45. The harm suffered by Plaintiff was the type of harm those traffic laws were intended to prevent.

46. Defendant's statutory violations constitute evidence of negligence and/or negligence per se under Michigan law.

47. Defendant's statutory violations were a direct and proximate cause of the collision.

48. Defendant's statutory violations were a direct and proximate cause of Plaintiff's injuries and damages.

49. Defendant United States of America is liable for the negligent acts, omissions, and statutory violations of its employee under the Federal Tort Claims Act.

50. Plaintiff has sustained serious and permanent injuries, has undergone medical treatment including surgical intervention, and has incurred substantial economic and non-economic damages.

WHEREFORE, Plaintiff, Virgil Johnson, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant United States of America, and award Plaintiff all damages recoverable under the Federal Tort Claims Act and Michigan law, together with costs, interest as permitted by law, and any other relief this Court deems just and proper.

Respectfully submitted,

KAJY LAW FIRM, PLLC

By: /s/ *Chris Mene*
SHAWN McKAY (P77856)
CHRIS MENE (P86354)
Attorney for Plaintiff
18000 W. Nine Mile Road, Suite 1400
Southfield, MI 48075
(248) 702-6641
Date: July 1, 2026                 chris@kajylaw.com

9

10